# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **DUANE SHORT,** | : | **Case No. 3:19-cv-052** |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **vs.** | : | **Judge Matthew W. McFarland** |
| | : | **Chief Magistrate Judge Stephanie K. Bowman** |
| | : | |
| **WARDEN, CHILLICOTHE** | : | |
| **CORRECTIONAL INSTITUTE,** | : | |
| | : | |
| **Respondent.** | : | |

---

## OPINION AND ORDER

---

Petitioner Duane Short, an inmate sentenced to death by the State of Ohio, has pending before this Court a habeas corpus petition pursuant to 28 U.S.C. § 2254. This matter is before the Court on Short's Motion for Discovery (ECF No. 52). The Warden opposes Short's motion (ECF No. 53), and Short filed a reply (ECF No. 54). As explained below, governing standards lead the Undersigned to **DENY without prejudice** Short's discovery requests regarding his first ground for relief, second ground for relief, and sub-claim 3.6 under his third ground for relief, subject to renewal or reconsideration, and to **DENY with prejudice** his remaining requests.

### I. Legal Standard

"A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of the discovery." Rules Governing § 2254 Cases, Rule 6(a). A habeas petitioner is "not entitled to discovery as a matter of ordinary course," but only in the court's discretion upon a fact-specific showing of "good cause." *Bracy v.*

*Gramley*, 520 U.S. 899, 904 (1997); *Haight v. Jordan*, 59 F.4th 817, 862 (6th Cir. 2023) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)) ("Habeas petitioners have no right to automatic discovery."). "[T]he 'broad discovery provisions' of the Federal Rules of Civil Procedure d[o] not apply in habeas proceedings." *Bracy*, 520 U.S. at 904 (quoting *Harris v. Nelson*, 394 U.S. 286, 295 (1969)). Under 28 U.S.C. § 1651, the All Writs Act, however, federal courts possess the power to "fashion appropriate modes of procedure," including discovery, to dispose of habeas petitions "as law and justice require." *Harris*, 394 U.S. at 299-300.

The "good cause" standard provides that a district court should grant leave to conduct discovery in habeas proceedings only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Bracy*, 520 U.S. at 908-09 (quoting *Harris*, 394 U.S. at 300); *Williams v. Bagley*, 380 F.3d 932, 974-75 (6th Cir. 2004). In determining whether discovery is warranted, a habeas court must first identify the essential elements of the claims on which discovery is sought. *Bracy*, 520 U.S. at 904. Habeas petitioners are not entitled to go on fishing expeditions based on conclusory allegations. *Williams*, 380 F.3d at 974 (citations omitted). The "good cause" standard requires "specific allegations of fact," and the petitioner must at least attempt to identify what he expects to uncover through his discovery requests. *Id.* The discovery requested must be materially related to the petitioner's claims and must be likely to "resolve any factual disputes that could entitle [the petitioner] to relief." *Id.* at 975 (quoting *Stanford*, 266 F.3d at 460). "The burden of demonstrating the materiality of the information requested is on the moving party." *Id.* (quoting *Stanford*, 266 F.3d at 460). When a petitioner "offers nothing more than vague musings" on how the desired discovery might unfold, a district court may correctly determine that he "fail[s] to satisfy the 'good cause' standard required to obtain habeas corpus

discovery." *Stojetz v. Ishee*, 892 F.3d 175, 207 (6th Cir. 2018) (citing *Stojetz v. Ishee*, No. 2:04-cv-263, 2014 WL 4775209, at *75 n.12 (S.D. Ohio Sept. 24, 2014)).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs federal habeas petitions, further restricts discovery in habeas proceedings. Under the AEDPA, a habeas court's review of a claim is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Courts in the Sixth Circuit have held that habeas courts must consider *Pinholster's* impact before granting a petitioner leave to conduct discovery. *See, e.g.*, *Obermiller v. Shoop*, No. 1:19-cv-2193, 2024 WL 404490, at *2 (N.D. Ohio Feb. 2, 2024) (citing *Pinholster*, 563 U.S. at 181) (collecting cases and noting that "[h]abeas courts, therefore, routinely deny requests for discovery of evidence that is barred from their review"); *Johnson v. Bobby*, No. 2:08-cv-55, 2018 WL 1382455, at *7 (S.D. Ohio Mar. 19, 2018) (analyzing *Pinholster's* impact on discovery in habeas cases). These courts reasoned that although *Pinholster* did not explicitly address discovery under Habeas Rule 6, it makes little sense to allow petitioners to discover information that courts ultimately cannot consider. *See, e.g.*, *Davis v. Bobby*, No. 2:10-cv-107, 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017) ("*Pinholster*'s holding necessarily informs any determination as to whether discovery is warranted. . . . Put simply, unusable evidence cannot lead to relief.").

For claims that were not adjudicated on the merits in state court, a habeas petitioner is limited in factual development under § 2254(e)(2) of the AEDPA:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). The Supreme Court has interpreted the opening clause of § 2254(e)(2) as requiring some degree of fault by the petitioner before the provision applies. *Shinn v. Ramirez*, 596 U.S. 366, 382 (2022) (quoting *Michael Williams v. Taylor*, 529 U.S. 420, 432-33 (2000)). The Court explained that "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id.* at 432. A federal habeas court therefore "may permit factual development of a claim 'only if [the prisoner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met.'" *Obermiller*, 2024 WL 404490, at *3 (quoting *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004)). The Court has held that post-conviction counsel's failure to develop the record in state court falls on petitioner. *Shinn*, 596 U.S. at 382-84 ("In sum, under § 2254(e)(2), a prisoner is 'at fault' even when state postconviction counsel is negligent.").

Additionally, a petitioner must show that the reviewing court can consider the desired evidence before the court may permit any factual development. *Shoop v. Twyford*, 596 U.S. 811 (2022). The standard for expanding the state court record is "stringent" and new evidence cannot be considered in all but "extraordinary cases." *Shinn*, 596 U.S. at 371 (citing *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013)). A federal court "may *never* needlessly prolong a habeas case." *Twyford*, 596 U.S. at 820 (quoting *Shinn*, 596 U.S. at 390). Thus, a federal habeas court must determine whether the evidence sought could be legally considered in the petitioner's case before permitting factual development. *Id.*; *Davis*, 2017 WL 2544083, at *3. In other words, the

4

reviewing court must determine "how, in light of the limitations on its review . . . , newly developed evidence could aid [the petitioner's] cause." *Twyford*, 596 U.S. at 822.

## II. Short's Discovery Requests

Short's stated purpose for seeking discovery is to develop facts pertaining to his first seven grounds for relief. (ECF No. 52, PageID 10109, 10124–42; ECF No. 54, PageID 10249 n.2 (noting that Short inadvertently omitted his fourth ground for relief in his Motion for Discovery, in connection with his fifth ground for relief)). Short maintains that he has good cause to permit discovery because the potential evidence may show his "conviction and death sentence were obtained in violation of his federal constitutional rights." (ECF No. 52, PageID 10109). Additionally, Short points out that the state courts "failed to provide formal fact-finding processes" when he was "denied discovery, denied funding for experts, and denied an evidentiary hearing." (*Id.* at PageID 10111).

The Warden responds by maintaining that Short is not entitled to discovery because the claims upon which Short seeks discovery were adjudicated on the merits by the state courts or are procedurally defaulted. (ECF No. 53, PageID 10224 (citing Return, ECF No. 36, PageID 8285-8394 (detailing the Warden's procedural default contentions))). In support, the Warden points to *Pinholster*, *Shinn*, and *Twyford*, asserting that granting discovery here would needlessly prolong the case. (*Id.* at PageID 10225-27).

In his Reply, Short contends that discovery is not barred if the state court's merits ruling was found to be unreasonable under § 2254(d)(2). (ECF No. 54, PageID 10240-41). Short maintains that the *Pinholster* holding only applies to evidentiary hearings considered under § 2254(d)(1), not for discovery requests under § 2254(d)(2). (*Id.* at PageID 10239-40). In any event, Short asserts that if this Court finds the state court decisions unreasonable under

§ 2254(d)(2), then the Court can consider evidence outside the state court record. (*Id.* at PageID 10240-41 (citing *Brumfield v. Cain*, 576 U.S. 305, 311 (2015); *Pinholster*, 563 U.S. at 185)). Short also contends that a federal habeas court can find that a state court decision was unreasonable "either by denying a fully developed meritorious claim, or by unreasonably refusing to provide the means for the petitioner to fully develop his claims after presenting evidence that indicated potential merit." (*Id.* at PageID 10241).

Short seeks the following discovery to support his first seven grounds for relief:

1. Depositions of his trial counsel Patrick L. Mulligan and George Katchmer;

2. Records deposition or subpoena *duces tecum* of Huber Heights Police Department files relating to the case;

3. Depositions of Montgomery County Assistant Prosecutors Leon J. Daidone and Robert Deschler;

4. Subpoena for the email sent by Brenda Barion that she referenced in her book;

5. Depositions of the custodians for Short's minor children;

6. Depositions of all jury panel members.

(ECF No. 52, PageID 10124-42; ECF No. 54, PageID 10242-52).

The Undersigned addresses each request in turn.

## A. First Ground for Relief: Ineffective Assistance of Counsel, Plea Agreement

In Short's first ground for relief, he alleges that his replacement trial counsel, Patrick L. Mulligan and George Katchmer, were ineffective when they counseled Short to decline the plea agreement that Short's prior trial counsel and the State had negotiated. (Amend. Petition, ECF No. 31, PageID 7956-61; Traverse, ECF No. 39, PageID 8436-45). In his Motion for Discovery, Short seeks to depose his trial counsel, Mulligan and Katchmer, to prove that their performance "fell below an objective standard of reasonableness." (ECF No. 52, PageID 10124 (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984))). Short raised this claim in his state post-

6

conviction proceedings and requested discovery from the state trial court. (*Id.* at PageID 10125-26 (citing ECF No. 5-5, PageID 2614)). He explains that trial counsel Mulligan at first communicated with Short's post-conviction counsel, but then Mulligan refused to continue communicating. (*Id.* at PageID 10126). Short also points out that trial counsel Katchmer refused to communicate with post-conviction counsel at all. (*Id.*). The state trial court denied any factual development and Short alleges that the court ignored the allegations in denying this claim. (*Id.* at PageID 10126). Short claims that in his post-conviction appeal, the state appellate court was unreasonable in finding that Short provided no operative facts in the petition and was unreasonable for relying on the fact that Short's affidavit failed to include details that his new counsel persuaded him to reject the plea agreement because of promises of a better outcome. (*Id.* at PageID 10125 (citing ECF No. 5-7, PageID 4095)).

The Warden acknowledges that Short raised this claim in his state post-conviction action and notes that the claim was denied on the merits. (ECF No. 53, PageID 10228 (citing ECF No. 5-6, PageID 3285-87)). The Warden points out that the Ohio Supreme Court declined to review this claim. (*Id.* (citing ECF No. 5-7, PageID 4398)). The Warden asserts that this claim is speculative and that the state court record "clearly shows Short was in control of his defense." (*Id.* at PageID 10228-29 (citing ECF No. 6-1, PageID 7393-96, 4801-06, 5071)). The Warden contends that discovery is forbidden when a state court denies a claim on the merits. (*Id.* (citing *Pinholster*, 563 U.S. at 185)).

In reply, Short alleges that under § 2254(d)(2), the state court unreasonably denied him the opportunity to fully develop his claims. (ECF No. 54, PageID 10240-41). Short notes again that he seeks to question his trial attorneys about why they urged him to decline a plea deal to support this ineffective assistance of trial counsel claim. (*Id.* at PageID 10242-45). Short

7

reiterates that the state trial court denied Short factual development and adjudicated this claim on the merits, and the state appellate court overruled the claim in Short's subsequent appeal. (*Id.* at PageID 10243). Since his trial counsel would not communicate or work with his post-conviction counsel, Short claims that the state courts were unreasonable in denying this claim because he could only develop the claim through the trial court granting his discovery request. (*Id.* at PageID 10243 (referring to Short's assertions in his Traverse (ECF No. 39, PageID 8436-45), and his Motion for Discovery (ECF No. 52, PageID 10124-27))). Short disagrees with the Warden that *Pinholster* created a blanket rule that bars discovery for claims adjudicated on the merits in state court. (*Id.* at PageID 10243). Short maintains that if the state court was unreasonable, then this Court can grant discovery. (*Id.* at PageID 10243-45 (citing *Pinholster*, 563 U.S. 170; *Brumfield v. Cain*, 576 U.S. 305, 311 (2015))).

As an initial matter, Short arguably has shown "good cause" for the requested discovery because he makes a specific showing as to how deposing his trial counsel will lead to potential evidence to support his ineffective assistance of trial counsel claim. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Haight v. Jordan*, 59 F.4th 817, 862 (6th Cir. 2023) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). The essential elements of an ineffective assistance of counsel claim require a petitioner to show deficient performance and prejudice. *Strickland*, 466 U.S. at 687. Short contends that his trial counsel advised him to decline the plea deal of life without parole, with the promise of a better outcome if Short went to trial. (ECF No. 52, PageID 10124-27). The requested discovery is material to Short's ineffective assistance of counsel claim to prove deficient performance because the potential evidence would help resolve a factual dispute about whether Short declined the plea deal due to his trial counsel's promises and advice, or merely on his own accord. *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460).

8

Short provides specific, plausible allegations of fact about what he expects to uncover and does not propose a fishing expedition. *See id.* at 974-75; *Stojetz v. Ishee*, 892 F.3d 175, 207 (6th Cir. 2018) (citing *Stojetz v. Ishee*, No. 2:04-cv-263, 2014 WL 4775209, at *75 n.12 (S.D. Ohio Sept. 24, 2014)). The requested discovery may help support his claim and show that he is entitled to relief. *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460). Although Short appears to satisfy the "good cause" requirement, the inquiry does not end there.

To comport with *Twyford*, the Court must also analyze whether the requested discovery could be lawfully considered on habeas review. *Shoop v. Twyford*, 596 U.S. 811, 820 (2022). Both parties (and the Court) agree that this claim was adjudicated on the merits.[1] (ECF No. 5-6, PageID 3433 (state trial court's denial); ECF No. 5-7, PageID 4095 (state appellate court's subsequent denial)). The Warden contends that this ends the discussion and forecloses any discovery. (ECF No. 53, PageID 10228-29 (citations omitted)). Short, on the other hand, contends that if the Court determines, solely based on the existing state court record, that the state court adjudication was unreasonable within the meaning of 2254(d), then *Pinholster* would not preclude the Court from considering whatever evidence it deemed relevant to determine whether Short's claim warrants habeas relief.[2] (ECF No. 52, PageID 10125-26). The Court agrees.

---

[1] The Undersigned points out that the bar in § 2254(e)(2), as analyzed in *Shinn*, does not apply here because this claim was adjudicated on the merits. *See Shinn v. Ramirez*, 596 U.S. 366, 382 (2022) (citing 28 U.S.C. § 2254(e)(2); *Michael Williams v. Taylor*, 529 U.S. 420, 432-33 (2000)) (noting that § 2254(e)(2) applies to claims *not* adjudicated on the merits).

[2] Short also appears to argue that *Pinholster* applies only to claims reviewed under § 2254(d)(1) and requests for an evidentiary hearing but not to § 2254(d)(2) or discovery requests. (*See* ECF No. 52, PageID 10115; ECF No. 54, PageID 10239-40). As explained above, § 2254(d)(2) expressly limits a habeas court's review to the state court record and other courts have found that *Pinholster* limits any type of factual development in habeas for claims adjudicated on the merits, not just evidentiary hearings, unless a petitioner satisfies § 2254(d)(1) or (2). *See, e.g., Davis v. Bobby*, No. 2:10-cv-107, 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017) ("*Pinholster*'s holding necessarily informs any determination as to whether discovery is warranted. . . . Put simply, unusable evidence cannot lead to relief.");

As detailed above, Short has arguably shown good cause for deposing his trial counsel, Mulligan and Katchmer in support of his claim that they were ineffective for persuading him to reject the plea deal. If this Court determines that the state court decision was unreasonable under § 2254(d)(2), then the Court would not be limited to reviewing only the state court record. Although a habeas court could in that case consider evidence uncovered by discovery to resolve a claim on the merits, granting a discovery request is still within the discretion of the district court. *Bracy*, 520 U.S. at 904. But exercise of that discretion would be premature at this juncture because the Court is not yet ruling on the merits (or procedural deficiencies) of Short's claims and declines to issue piecemeal rulings on the substance of his claims.

The Court is constrained to deny Short's request to conduct discovery on his first claim at this time. It is unclear whether *Twyford* requires that a habeas court first determine whether the new evidence may *actually* be considered *before* granting discovery. Accordingly, Short's discovery request for this claim is **DENIED without prejudice**, subject to renewal or reconsideration, should the Court later determine—solely based on the evidence in front of the state courts—that the state court adjudication was unreasonable within the meaning of 2254(d).

## B. Second Ground for Relief: Ineffective Assistance of Counsel, Conflict of Interest

In his second ground for relief, Short alleges that trial counsel Mulligan and Katchmer suffered from a conflict of interest with Short's family, amounting to ineffective assistance of counsel. (Amend. Petition, ECF No. 31, PageID 7962-64; Traverse, ECF No. 39, PageID 8446-51). Because his father, Sam Short, paid Mulligan and Katchmer to represent Short, he maintains that the attorneys failed to present mitigating evidence related to Short's family. (ECF No. 31, PageID 7962). In his Motion for Discovery, Short seeks to depose his trial counsel, attorneys

---

*Obermiller v. Shoop*, No. 1:19-cv-2193, 2024 WL 404490, at *2 (N.D. Ohio Feb. 2, 2024); *Johnson v. Bobby*, No. 2:08-cv-55, 2018 WL 1382455, at *7 (S.D. Ohio Mar. 19, 2018).

Mulligan and Katchmer, to support his assertion that an actual conflict existed, which caused his trial counsel to fail to present mitigation that reflected negatively on Short's parents. (ECF No. 52, PageID 10127-29). Short maintains that he diligently pursued factual development in state court, but he was denied discovery and unable to fully develop his claim. (*Id.* at PageID 10128). Again, Short suggests a causal nexus between the state courts' denial of his requests for factual development and the courts' subsequent merits adjudication being unreasonable. (*Id.* at PageID 10129). That is, Short appears to argue that the state courts' denial of his requests for factual development caused their ensuing adjudication on the merits to be unreasonable.

The Wardens asserts that the "record fully supports that any deficiency in the presentation of mitigation evidence was solely the result of Short controlling his case." (ECF No. 53, PageID 10230 (citations omitted)). The Warden notes that Short raised this claim in his state post-conviction action. (*Id.* at PageID 10229). The Warden points out that this claim was denied on the merits in the state appellate court, and the Ohio Supreme Court declined review (*Id.* (citations omitted)). The Warden also notes that Short raised this as an underlying claim in his Rule 26(B) application to reopen his direct appeal—the procedure in Ohio for raising claims of ineffective assistance of appellate counsel. (*Id.* at PageID 10229 n.1 (citing ECF No. 5-3, PageID 1862)). Because the state appellate court adjudicated this claim on the merits in post-conviction, the Warden contends that this Court is limited to reviewing the state court record. (*Id.* at PageID 10230).

In reply, Short reiterates that the state trial court made an unreasonable determination of facts by denying any factual development and that the state appellate court's merits decision was also unreasonable. (ECF No. 54, PageID 10245-46). Short notes that the state court record is sufficient to grant relief but seeks to depose his trial counsel in case the Court needs more

11

information before granting relief. (*Id.* at PageID 10246). Short asserts that the requested discovery would enable him to prove his claim. (*Id.* (citing 28 U.S.C. § 2241(c); 28 U.S.C. § 2243)).

Short has arguably shown good cause for the requested discovery here because he explains how the potential evidence could resolve a factual dispute to support his claim. *Bracy*, 520 U.S. at 904; *Haight*, 59 F.4th at 862 (quoting *Stanford*, 266 F.3d at 460). Short asserts a conflict of interest existed because his family paid his trial counsel, resulting in mitigation evidence against his family being omitted from trial that would have helped him. (ECF No. 52, PageID 10125; ECF No. 54, PageID 10245-46 (citing Traverse, ECF No. 39, PageID 8446-51)). As noted above, the essential elements for ineffective assistance of counsel claims are deficient performance and prejudice. *Strickland*, 466 U.S. at 687. Short asserts that deposing his trial counsel would resolve the factual dispute of whether the decision on what mitigation evidence to present was made by Short or by his trial counsel due to the alleged conflict of interest. Short also maintains that deposing his trial counsel will reveal that an "actual conflict" existed. (ECF No. 52, PageID 10127-29). Short has offered specific details about how the discovery might unfold to show he is entitled to relief. *See Williams*, 380 F.3d at 974-75 (citing *Stanford*, 266 F.3d at 460). As with his first ground for relief, however, Short fails to explain how apart from a finding of unreasonableness that this Court can consider any potential evidence. *See Twyford*, 596 U.S. at 820. As explained in the first ground for relief, the Court is constrained to deny Short's request to conduct discovery on this claim at this juncture because the Court declines to issue piecemeal rulings on the substance of Short's claims. Accordingly, Short's discovery request for this claim is **DENIED without prejudice**, subject to renewal or reconsideration,

should the Court later determine—solely based on the evidence in front of the state courts—that the state court adjudication was unreasonable within the meaning of 2254(d).

**C. Third Ground for Relief: Ineffective Assistance of Counsel, Trial Phase**

In his third ground for relief, Short contends that his trial counsel provided ineffective assistance during the trial phase, raising multiple sub-claims. (Amend. Petition, ECF No. 31, PageID 7965-82; Traverse, ECF No. 39, PageID 8451-87). In his Motion for Discovery, Short makes several discovery requests to help support this ground for relief, including deposing his trial counsel, Mulligan and Katchmer. (ECF No. 52, PageID 10129-36). As noted above, the essential elements for ineffective assistance of counsel claims are deficient performance and prejudice. *Strickland*, 466 U.S. at 687.

**i. Sub-claim 3.1**

For this sub-claim, Short requests discovery to support his claim that his trial counsel were ineffective during the trial phase for failing to adequately cross-examine Officer Reaman and Detective Taylor when their testimony was impeachable. (ECF No. 52, PageID 10129-30). Short first seeks to depose his trial counsel, Mulligan and Katchmer. (*Id.* at PageID 10130). Short also seeks a records deposition or subpoena *duces tecum* of the Huber Heights Police file, noting that additional evidence may exist to undermine the officers' credibility. (*Id.* at PageID 10130).

The Warden acknowledges that this claim was raised in Short's post-conviction action. (ECF No. 53, PageID 10231 (citing ECF No. 5-5, 2644-45)). The Warden points out that the claim was rejected on the merits by the state appellate court, and the Ohio Supreme Court declined review. (*Id.* (citations omitted)). The Warden contends that Short's request is a "blatant fishing expedition of the police investigative files." (*Id.*). The Warden asserts that Short's

13

requests should be denied because binding case law bars new evidence and discovery would be a "waste of judicial resources and would needlessly prolong the case." (*Id.*).

In reply, Short maintains that the state court decision was unreasonable and based on unreasonable fact findings, which should permit discovery here. (ECF No. 54, PageID 10247 (disagreeing with the Warden's assertion that *Pinholster* bars any discovery for claims adjudicated on the merits)). Short contends that review of the police files may help him discover what records could have been used to cross-examine the State's witnesses. (ECF No. 54, PageID 10248).

Short has not shown good cause for requesting the entire police file because he merely claims that he might find *something* he could use to support his claim. *Bracy*, 520 U.S. at 904; *Haight*, 59 F.4th at 862 (quoting *Stanford*, 266 F.3d at 460). Short offers no more than insufficient vague musings that the police file *might* contain *some* document that *might* contain impeachment evidence he could have used at trial. *Stojetz*, 892 F.3d at 207 (citing *Stojetz*, 2014 WL 4775209, at *75 n.12). Short does not provide specific details on what he expects to uncover that supports his *Strickland* claim to show he is entitled to relief. *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460). Short has also not shown good cause for deposing his trial counsel because again, he has not alleged specific information that he would uncover to help resolve a factual dispute in his favor. Accordingly, the Undersigned **DENIES with prejudice** both Short's discovery request to depose his trial counsel in relation to this claim and Short's request for a records deposition or subpoena *duces tecum* of the Huber Heights Police Department case file.

### ii. Sub-claim 3.2

In his next sub-claim, Short asserts that his trial counsel were ineffective for failing to object to the courtroom's closure to Short's family. (Amend. Petition, ECF No. 31, PageID 7969-71; Traverse, ECF No. 39, PageID 8455-63). In his Motion for Discovery, Short maintains that the "prosecution wrongfully excluded Short's closest family members from the courtroom," meaning that the jury did not see his "loving and supportive family," which Short asserts would have helped with mitigation. (ECF No. 52, PageID 10130-31). Short seeks to depose Montgomery County Assistant Prosecutors Leon J. Daidone and Robert Deschler to support his claim. (*Id.* at PageID 10131). Short claims that he could not develop the facts in state court despite due diligence. (*Id.*). Short also contends that the state appellate court's finding that the State did not have "any nefarious reasons" to include Short's family on the witness list was "pre-ordained" by the state trial court denying discovery. (*Id.* (citing ECF No. 5-7, PageID 4092)).

The Warden maintains that the claim is procedurally defaulted or alternatively, that the claim is meritless. (ECF No. 53, PageID 10231-32). Noting that Short's trial counsel joined the State's motion to separate witnesses, the Warden points out that the only family members excluded from the courtroom were the ones on the State's witness list. (*Id.* at PageID 10232). The Warden contends that this claim is procedurally defaulted because Short failed to contemporaneously object at trial and failed to raise the claim on direct appeal. (*Id.* (citing Return, ECF No. 36, PageID 8340-41)). The Warden notes that Short instead raised this claim to the state courts in his post-conviction action. (*Id.* at PageID 10231 (citing ECF No. 5-6, PageID 3115-17)). The state appellate court determined that the claim should have been raised on direct appeal and denied the claim due to res judicata, but the court also offered an alternative merits ruling. (*Id.* at PageID 10231-32 (citation omitted)). The Warden also points out that the Ohio

Supreme Court declined review (*Id.* at PageID 10232 (citing ECF No. 5-7, PageID 4398)). The Warden asserts that Short's discovery request to depose the prosecutors amounts to a fishing expedition and maintains that procedural default bars discovery under § 2254(e)(2). (*Id.* (citing *Shoop v. Twyford*, 596 U.S. 811 (2022))).

In reply, Short asserts that the claim is not procedurally defaulted because the claim depended on evidence outside the record and could not be raised on direct appeal. (Traverse, ECF No. 39, PageID 8457-60). Short also asserts that the state appellate court was unreasonable in denying this claim in the court's alternative merits-ruling in post-conviction and for denying the claim without an evidentiary hearing. (*Id.* at PageID 8462-63). In his Motion for Discovery, Short points out that during his post-conviction proceedings, he made a discovery request to the state trial court to depose the prosecutors but was denied any factual development. (ECF No. 54, PageID 10248 (citing ECF No. 5-5, PageID 2615)). Short contends that because he sought discovery in the state trial court, "there can be no argument that [he] failed to develop the record in state court such that the § 2254(e)(2) clause would be triggered." (*Id.* (citing *Williams v. Taylor*, 529 U.S. 420, 431-32 (2000))).

Short has not shown good cause to depose the assistant prosecutors from his trial. Short has not provided specific details about how deposing the prosecutors could reveal information to help resolve his ineffective assistance of trial counsel claim. *Bracy*, 520 U.S. at 904; *Haight*, 59 F.4th at 862 (quoting *Stanford*, 266 F.3d at 460). Short alleges that the prosecution wrongfully excluded his family members from the courtroom but fails to show how deposing the prosecutors is material to proving his trial counsel performed deficiently or to proving he was prejudiced. *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460). Short merely asserts that he seeks to depose the prosecutors to "obtain evidence to support this claim," which suggests that his

16

request is no more than a fishing expedition. *See id.* at 974. Further, Short does not appear to allege that deposing counsel will resolve a material factual dispute. The separation of witnesses is a well-established, routinely followed trial procedure. Short offers nothing but unsupported speculation that the joint decision of the prosecutors and trial counsel to exclude those members of Short's family that were on the State's witness list was motivated by anything other than compliance with a routine trial procedure. For these reasons, the Undersigned **DENIES with prejudice** Short's request to depose prosecutors Daidone and Deschler.

### iii. Sub-claim 3.3

In his next sub-claim, Short contends that his trial counsel were ineffective for failing to adequately separate witnesses. (Amend. Petition, ECF No. 31, PageID 7971-73; Traverse, ECF No. 39, PageID 8463-67). In his Motion for Discovery, Short focuses on Brenda Barion, victim Donnie Sweeney's mother, to support this claim. (ECF No. 52, PageID 10131). Short asserts that according to her book,[3] Barion testified on the first day of trial and then sent an email about her testimony to everyone listed in her mailbox, including details about photos used during her testimony. (*Id.* (citing ECF No. 5-6, PageID 3263)). Short contends that there is some ambiguity of when Barion sent the email, as well as the contents, and maintains that the state trial court was unreasonable to deny his discovery request to subpoena the email during his post-conviction proceedings. (*Id.* at PageID 10131-32).

Short points out that in his post-conviction action, the state trial court determined that Barion's book recounts conversations that were "outside the courtroom before any participants testified in court," which Short alleges contradicts Barion's book, including that she shared the

---

[3] Brenda Barion is Donnie Sweeney's mother and testified as a State witness at Short's trial. (ECF No. 6-2, PageID 6601-23). It appears from the record that Barion published a book in 2010 called <u>Take it Easy Martha</u>, in which she recounts her experience during the trial. (*See* Amend. Petition, ECF No. 31, PageID 7971-72).

details of her testimony after she was in court. (*Id.* at PageID 10131 (citing ECF No. 5-6, PageID 3263, 3432)). Short maintains that the email was clearly sent after Barion's testimony because she referenced trial photos. (*Id.*). Short also contends that in his post-conviction appeal, the state appellate court was unreasonable to interpret Barion's words to mean that she sent the email on the fourth day of trial, after the State rested, because the exact timing of the email could not be determined from the record. (*Id.* at PageID 10132 (citing ECF No. 5-6, PageID 3263)). To support his claim, Short seeks to subpoena the email, including details about the date the email was sent, the content, and the recipients. (*Id.*).

The Warden points out that this claim was raised in Short's post-conviction action. (ECF No. 53, 10232 (citing ECF No. 5-6, PageID 3257-58)). The state trial court denied the claim on the merits, the state appellate court affirmed, and the Ohio Supreme Court declined review. (*Id.* (citations omitted)). Because the state courts denied this claim on the merits, the Warden asserts that any quest to obtain an eighteen-year-old email is an "onerous and likely impossible request" that is "patently uncalled for."[4] (*Id.* at PageID 10232-33).

In reply, Short reiterates that the fact a claim was adjudicated on the merits does not end the inquiry of whether discovery is warranted. (ECF No. 54, PageID 10248). Short asserts that nothing in the record supported the state appellate court's conclusion that the conversations in Barion's books occurred outside the courtroom before anyone testified in court. (*Id.* (quoting Traverse, ECF No. 39, PageID 8463-67)). Short asserts that the state trial court made an unreasonable determination in light of the facts and requests a subpoena for Barion's email to support his claim. (*Id.*)

---

[4] The Warden also contends that Short had no constitutional right to the separation of witnesses (ECF No. 53, PageID 10233 (citing Return, ECF No. 36, PageID 8343) (collecting cases)), but that argument goes more to the merits of the claim than it does to Short's discovery request.

Short has not shown good cause for seeking Barion's email because he does not specify how the email is materially connected to his ineffective assistance of counsel claim. *Bracy*, 520 U.S. at 904; *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460). Short alleges that if his trial counsel had asked for a specific separation of witnesses, the request would have "stopped Brenda Barion from reaching out to other State's witnesses concerning her testimony." (Traverse, ECF No. 39, PageID 8466). This failure to separate witnesses, Short contends, amounted to deficient performance to his prejudice. (*Id.*). Short maintains that because Barion's email included information about her testimony, it is "entirely conceivable that other witnesses, such as Brandon Fletcher, who later testified for the State and also went to church with Brenda Barion, received this email and were influenced by its contents." (*Id.*). Short's reasoning is too tenuous and vague to show that Barion's email would support his ineffective assistance of trial counsel claim, proving he is entitled to relief. *See Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460); *Stojetz*, 892 F.3d at 207 (citing *Stojetz*, 2014 WL 4775209, at *75 n.12). In his Motion for Discovery, Short asserts that the requested email "could prove decisive about the state courts' differing conclusions," but fails to explain how the potential evidence goes to his ineffective assistance of counsel claim rather than assessing whether the state courts made unreasonable determinations of the facts. (ECF No. 52, PageID 10132). Further, Short merely offers vague musings that it is "entirely conceivable" other witnesses received the email and their testimony was influenced by that email. *Stojetz*, 892 F.3d at 207 (citing *Stojetz*, 2014 WL 4775209, at *75 n.12). Accordingly, the Undersigned **DENIES with prejudice** Short's discovery request to subpoena Barion's email.

####    iv.  Sub-claim 3.4

In his next sub-claim, Short asserts that his trial counsel were ineffective for failing to introduce evidence for a voluntary manslaughter instruction and for failing to challenge the State's propensity evidence. (Amend. Petition, ECF No. 31, PageID 7973-77; Traverse, ECF No. 39, PageID 8467-80). In his Motion for Discovery, Short contends that his trial counsel failed to introduce evidence that Short believed his wife, victim Rhonda Short, was having an affair with the other victim, Donnie Sweeney, which would have supported a voluntary manslaughter instruction. (ECF No. 52, PageID 10132). Short also claims that his trial counsel restricted him from testifying to his state of mind and that they failed to call witnesses to corroborate his story. (*Id.*). Short contends that his trial counsel should have consulted with a clinical psychologist because he has now been diagnosed with bipolar disorder, "which affected his mental state at the time of the offense." (*Id.*). Further, Short maintains that his trial counsel failed to challenge the State's propensity evidence. (*Id.*). As support, Short points to Loren Taylor's testimony that "included out-of-context statements from [Taylor's] written statement, allowing the jury to hear a highly prejudicial version of the facts." (*Id.* (citing ECF No. 5-6, PageID 3335)). Short also notes that Amy Spurlock was permitted to testify about a vague threat Short allegedly made to his wife. (*Id.* at PageID 10133 (citing ECF No. 6-2, PageID 6587)). Short requests to depose his trial counsel and alleges that he diligently attempted to develop the facts in state court, but his trial counsel did not cooperate, and the state trial court denied factual development. (*Id.*).

The Warden responds by pointing out that Short raised a voluntary manslaughter instruction claim in his post-conviction action. (ECF No. 53, PageID 10233 (citing ECF No. 5-6, PageID 3325-27)). The Warden also notes that the state trial court denied the claim on the merits, the state appellate court affirmed the denial, and the Ohio Supreme Court declined review. (ECF

No. 53, PageID 10233 (citations omitted)). The Warden asserts that this claim is partially procedurally defaulted because Short never raised allegations regarding his bipolar diagnosis in state court. (*Id.* (citing Return, ECF No. 36, 8345)). The Warden maintains that in requesting discovery, Short ignores both the default and the state court merits decision, which bars factual development under binding case law. (*Id.*).

Short reiterates that a state court merits decision does not preclude discovery in habeas proceedings. (ECF No. 54, PageID 10248-49 (citing Traverse, ECF No. 39, PageID 8467-80)). Short also points out that he addresses the procedural default issue in his Traverse. (*Id.* at PageID 10249 (citing ECF No. 39, PageID 8472-75)).

Short has not shown good cause to permit discovery for this sub-claim. In requesting to depose his trial counsel regarding this claim, Short does not provide specific details about what he expects to uncover to support his assertion that he received ineffective assistance of trial counsel. *Bracy*, 520 U.S. at 904; *Haight*, 59 F.4th at 862 (quoting *Stanford*, 266 F.3d at 460). (*See* ECF No. 52, PageID 10132-33; ECF No. 54, PageID 10248-49). Short does not explain how deposing his trial counsel could support his claims under *Strickland's* deficient performance or prejudice prongs to show that he is entitled to relief. *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460). Accordingly, the Undersigned **DENIES with prejudice** Short's discovery request to depose his trial counsel regarding this claim.

### v. Sub-claim 3.5

In his next sub-claim, Short contends that his trial counsel were ineffective for failing to negate or challenge the State's evidence of "prior calculation and design." (Amend. Petition, ECF No. 31, PageID 7978-79; Traverse, ECF No. 39, PageID 8480-83). In his Motion for Discovery, Short maintains that his trial counsel failed to introduce available evidence to support

21

a voluntary manslaughter instruction and would create reasonable doubt as to the "prior calculation and design" element. (ECF No. 52, PageID 10133). Short seeks to depose his trial counsel to show "that they performed deficiently because they had no strategic reason for avoiding this argument and that Short was prejudiced because jurors did not hear potentially favorable testimony." (*Id.* at PageID 10134). Short reiterates his argument that he diligently sought factual development in state court. (*Id.*).

The Warden asserts that Short raised the "majority" of this ineffective assistance of trial counsel claim in his state post-conviction action. (ECF No. 53, PageID 10233 (citing ECF No. 5-6, PageID 3328-30)). The Warden notes that the state appellate court denied this claim on the merits and the Ohio Supreme Court declined review. (*Id.* at PageID 10234). The Warden reiterates the contention that controlling case law forbids discovery in this instance. (*Id.*).

In reply, Short maintains that discovery is not barred because the unreasonableness of the state appellate court merits adjudication permits this Court to consider any new evidence it deems relevant to the resolution of this claim. (ECF No. 54, PageID 10249).

As with the sub-claim above, Short does not offer more than vague musings that he might discover potentially helpful information without naming specific details he expects to uncover by deposing his trial counsel. *Bracy*, 520 U.S. at 904; *Haight*, 59 F.4th at 862 (quoting *Stanford*, 266 F.3d at 460); *Stojetz*, 892 F.3d at 207 (citing *Stojetz*, 2014 WL 4775209, at *75 n.12). Short seeks to depose his trial counsel to show "that they performed deficiently because they had no strategic reason for avoiding this argument and that Short was prejudiced because jurors did not hear potentially favorable testimony." (ECF No. 52, PageID 10134). Short merely reiterates the essential elements for an ineffective assistance of trial counsel claim, *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and does not provide specific allegations of what the depositions

22

might reveal to support his claim. *Williams*, 380 F.3d at 974. For that reason, the Undersigned **DENIES with prejudice** Short's request to depose his trial counsel regarding this claim.

### vi. Sub-claim 3.6

In his next sub-claim, Short contends that his trial counsel were ineffective for failing to interview Short's children. (Amend. Petition, ECF No. 31, PageID 7979-82; Traverse, ECF No. 39, PageID 8483-86). In his Motion for Discovery, Short explains that his trial counsel attempted to interview his children through the guardian ad litem, but his counsel then suggested that his wife's relatives serving as his children's current guardians refused the interviews. (ECF No. 52, PageID 10134 (citing ECF No. 6-3, PageID 7012)). Short's trial counsel requested to strike his oldest son's testimony or have a hearing to show that "the State was affirmatively blocking [Short's] counsel" from interviewing the children, and his counsel proposed to voir dire several individuals. (*Id.* at PageID 10134-35). Short's trial counsel also suggested to the trial court that "Victim Witness," the State's victim advocacy representative, was involved with the refusal. (*Id.* at PageID 10135 (citing ECF No. 6-3, PageID 7019)). Short adds that when the trial court conducted the requested hearing, trial counsel performed deficiently in calling only the guardian ad litem, who testified that the decision about being interviewed by trial counsel was left to the children's guardians. (*Id.* (citing ECF No. 6-3, PageID 7025-26, 7028-29)).

Short seeks to depose his children's guardians to determine whether they were in contact with Victim Witness to show the possibility that the State interfered with Short's trial counsel accessing the children for interviews. (*Id.*). Short also seeks to depose his trial counsel about their "inexplicable lack of preparation" because Short contends that they did not verify the various conversations. (*Id.*). During the hearing, Short asserts that his trial counsel admitted to not sending an investigator and not contacting the children's guardians themselves. (*Id.* at

PageID 10136 (citing ECF No. 6-3, PageID 7016)). Short notes that he pursued factual development in the state court during his post-conviction proceedings, but his trial counsel were uncooperative and the state trial court denied discovery. (*Id.*).

The Warden notes that Short raised the "substance" of this claim on direct appeal to the Ohio Supreme Court (ECF No. 53, PageID 10234 (citing ECF No. 5-3, PageID 1628-30)), and that the claim was rejected on the merits (*id.* (citing *State v. Short*, 129 Ohio St. 3d 360, 377-78 (Ohio 2011))). The Warden asserts that Short's request is a fishing expedition for evidence of governmental interference. (*Id.*). As with the other requests, the Warden maintains that controlling case law limits this Court's review to the state court record and discovery is not permitted. (*Id.* (citing *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011))).

In reply, Short maintains that discovery is not barred because the unreasonableness of the Ohio Supreme Court's merits adjudication permits this Court to consider any new evidence it deems relevant to the resolution of this claim. (ECF No. 54, PageID 10249).

While Short arguably has shown good cause to depose his children's guardians and his trial counsel in support of this claim, he has not shown at this juncture that this potential evidence would be admissible. Short has shown good cause because he offered specific, material details about what he expects to uncover through the discovery to show that his trial counsel performed deficiently. *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460). Short contends that the depositions would resolve the factual dispute of who prohibited the interviews with Short's children and whether his trial counsel failed to follow through. *Bracy*, 520 U.S. at 904; *Haight*, 59 F.4th at 862 (quoting *Stanford*, 266 F.3d at 460). Short fails to explain, however, how apart from a finding of unreasonableness that this Court can consider any potential evidence. *See Shoop v. Twyford*, 596 U.S. 811, 820 (2022). As explained in the first and second

24

grounds for relief, the Court is constrained to deny Short's request to conduct discovery on this claim at this time because the Court declines to issue piecemeal rulings on the substance of Short's claims. Accordingly, Short's discovery request to depose his trial counsel and his children's guardians regarding this claim is **DENIED without prejudice**, subject to renewal or reconsideration, should the Court later determine—solely based on the evidence in front of the state courts—that the state court adjudication was unreasonable within the meaning of 2254(d).

### D. Fourth and Fifth Grounds for Relief: Mitigation

In his fourth ground for relief, Short asserts that his waiver of mitigation was not knowing, intelligent, and voluntary. (Amend. Petition, ECF No. 31, PageID 7983-86; Traverse, ECF No. 39, PageID 8487-93). In his fifth ground for relief, Short asserts that his trial counsel were ineffective for advising him to waive mitigation. (Amend. Petition, ECF No. 31, PageID 7986-8016; Traverse, ECF No. 39, PageID 8493-8534). In his Motion for Discovery, Short contends that his trial counsel advised him to waive his right to present mitigation evidence without an investigation and without knowing Ohio law.[5] (ECF No. 52, PageID 10137). The issue was compounded, Short maintains, when his trial counsel prepared the jury to hear mitigating evidence and when his trial counsel failed to object to the prosecution's misstatement of the law about mitigating and aggravating circumstances. (*Id.*).

Short seeks to depose his trial counsel to show that their "ignorance of Ohio law on the presentation of mitigation caused them to advise" Short to waive mitigation. (*Id.*). Short asserts that the state court record shows that his trial counsel misunderstood that waiving mitigation to the jury meant waiving presentation of all mitigation. (*Id.* at PageID 10137-38). Short maintains that the state appellate court was unreasonable in concluding that Short was acting on his own

---

[5] As noted above, Short "inadvertently" omitted his fourth ground for relief in his motion for discovery and intended to include the claim in his motion. (ECF No. 54, PageID 10249 n.2).

accord in waiving mitigation. (*Id.* at PageID 10138 (citing ECF No. 5-7, PageID 4086, 4088-89)). Short points out that he sought this discovery during his post-conviction action, but his trial counsel did not cooperate, and the state trial court denied his discovery requests, so factual development was impossible. (*Id.*).

The Warden notes that Short raised some mitigation-phase ineffective assistance claims on direct appeal, while he raised others in his Rule 26(b) application to reopen. (ECF No. 53, PageID 10234-35 (citing ECF No. 5-3, PageID 1627-34, 1858-61; ECF No. 5-5, PageID 2629-2715)). As to the claims raised and rejected on direct appeal, the Warden reiterates his position that those merits rulings foreclose any discovery. (*Id.* at PageID 10235 (citations omitted)). As to any claims of trial counsel ineffectiveness raised as *instances* of appellate counsel ineffectiveness in the Rule 26(b) application, the Warden argues that discovery is unwarranted because the only claims preserved in a Rule 26(b) application are claims of *appellate* counsel ineffectiveness. (*Id.* at PageID 10235 n.2). Finally, the Warden argues that Short was responsible for preventing the presentation of mitigation evidence (*id.* at PageID 10235), but that argument goes more to the merits of the claims than the discovery request.

In reply, Short points out that his trial counsel told the state trial court that it was a "strategic decision" to by-pass the jury and wait to present mitigation evidence to the judge, a "strategic decision" that Short maintains was based on a miscomprehension of law since Ohio law does not provide for any such "by-pass." (ECF No. 54, PageID 10249). Short reiterates that his post-conviction counsel tried to develop his claims in state court, but Short's trial counsel refused to cooperate. (*Id.*). Short alleges that the state court decisions rejecting his mitigation-related claims in post-conviction were unreasonable because the "plain meaning of counsels' statements to the court shows that, at the time of the waiver, Short and his counsel fully intended

26

to present mitigating evidence [to the judge] at his sentencing." (*Id.* at PageID 10249-50 (citing Traverse, ECF No. 39, PageID 8487-8534)). Short maintains that the state courts were unreasonable for ignoring evidence and focusing on Short's comments without considering his trial counsel's statements as well. (*Id.* (citing ECF No. 39, PageID 8507-08)). Short reiterates that the state court record is sufficient to warrant relief but seeks to depose his trial counsel to further support these claims. (*Id.* at PageID 10251).

Short has not shown good cause to depose his trial counsel for these claims. Although Short asserts that deposing his trial counsel will show how their misunderstanding impacted Short's decision to waive mitigation, he has not shown how it will resolve any factual dispute. *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460). Short contends that deposing his trial counsel will support these claims, but even he points out that the state court record supports the assertion that his trial counsel did not understand Ohio mitigation law. (ECF No. 52, PageID 10137; ECF No. 54, PageID 10251). Short has not provided specific details about what deposing his trial counsel will reveal that is not already in the state court record. *Bracy*, 520 U.S. at 904; *Haight*, 59 F.4th at 862 (quoting *Stanford*, 266 F.3d at 460). For that reason, Short has not shown good cause for his requested discovery related to this claim. Accordingly, the Undersigned **DENIES with prejudice** Short's request to depose his trial counsel regarding his fourth and fifth grounds for relief.

### E. Sixth Ground for Relief: Ineffective Assistance During Voir Dire and Jury Selection

In his sixth ground for relief, Short asserts that his trial counsel were ineffective during voir dire and jury selection for failing to question "automatic" death penalty jurors. (Amend. Petition, ECF No. 31, PageID 8016-21; Traverse, ECF No. 39, PageID 8534-48). In his Motion for Discovery, Short contends that his trial counsel failed to strike or ask follow-up questions of

Jurors Russell, Wick, Hartfelder, Dixie, Ditto, and Bryson when their questionnaires suggested they "could not be fair and impartial." (ECF No. 52, PageID 10138). As support, Short points to the questionnaires from jurors who checked that the death penalty was "appropriate with very few exceptions." (*Id.* at PageID 10139 (citing ECF No. 10-1, PageID 7499, 7520, 7541, 7562, 7583, 7604, 7625, 7646, 7667)). Short also points to other juror responses to support his claim. (*Id.* at 10139 n.3-5 (citations omitted)). Noting that his post-conviction counsel attempted to develop this claim in state court, Short seeks to depose his trial counsel and the jury members to "fully develop this claim." (*Id.* at PageID 10140-41). Short alleges that his trial counsel did not cooperate with his post-conviction counsel to develop this claim and that his post-conviction counsel attempted to contact jurors. (*Id.* (citing ECF No. 5-6, PageID 2990; Traverse, ECF No. 39, PageID 8621-37)).

The Warden asserts that discovery is unwarranted because this claim is barred by procedural default. (ECF No. 53, PageID 10236-37). Specifically, the Warden alleges that this claim was not properly preserved because it was raised as an underlying claim as an instance of ineffective assistance of appellate counsel in Short's Rule 26(B) application for reopening to the Ohio Supreme Court. (*Id.* at PageID 10236 (citing Return, ECF No. 36, PageID 8366-68; ECF No. 5-3, PageID 1860-61, 1863)). The Warden maintains that binding case law forbids needless discovery. (*Id.* at PageID 10237 (citing *Twyford*, 596 U.S. 811; *Shinn v. Ramirez*, 596 U.S. 366 (2022))).

In reply, Short reiterates that during his post-conviction action, he sought to depose his trial counsel and the jurors. (ECF No. 54, PageID 10251). Short "disagrees" with the Warden's contention that this claim is procedurally defaulted. (*Id.* at PageID 10252 (citing Traverse, ECF No. 39, PageID 8534-37, 8550-51)). Short maintains that since this claim is not defaulted and he

28

sought to develop the claim in state court, this Court should grant him discovery to fully develop his claim. (*Id.*).

Short has not shown good cause to depose his trial counsel or the jury panel members to support this claim because he has not shown how the requested discovery will resolve a factual dispute. *Bracy*, 520 U.S. at 904; *Haight*, 59 F.4th at 862 (quoting *Stanford*, 266 F.3d at 460). As noted above, the essential elements for ineffective assistance of counsel claims are deficient performance and prejudice. *Strickland*, 466 U.S. at 687. Short seeks to depose his trial counsel to "find factual support for his allegation that they persuaded him to abandon his plan to plead guilty and to go to trial." (ECF No. 52, PageID 10140). Short does not explain, however, how this request could lead to evidence that is material to proving he received ineffective assistance of trial counsel during voir dire. *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460). Short offers only vague musings, noting that he seeks this discovery to "fully develop this claim" without providing specific allegations of what the discovery might uncover. *See id.*; *Stojetz*, 892 F.3d at 207 (citing *Stojetz*, 2014 WL 4775209, at *75 n.12); (ECF No. 52, PageID 10141). Accordingly, the Undersigned **DENIES with prejudice** Short's request to depose his trial counsel and the jury members regarding this claim.

### F. Seventh Ground for Relief: Trial Court Error, Failure to Exclude Jurors

In his seventh ground for relief, Short asserts that the state trial court failed to exclude "automatic" death penalty jurors, pre-disposed to impose the death penalty. (Amend. Petition, ECF No. 31, PageID 8021-23; Traverse, ECF No. 39, PageID 8549-53). In his Motion for Discovery, Short seeks to depose the jury panel to help support this claim. (ECF No. 52, PageID 10141-42). Short maintains that the trial court empaneled nine out of twelve jurors who were "automatic" death penalty jurors because on their questionnaires they marked that the death

penalty was "appropriate with very few exceptions where someone has been murdered." (*Id.* at PageID 10141). Short points out that he tried to contact some jurors during his post-conviction proceedings but was unable to reach all of them. (*Id.* at PageID 10142 (citing ECF No. 5-6, PageID 2990; ECF No. 39, PageID 8621-37)).

The Warden asserts again that discovery is unwarranted because this claim is barred by procedural default. (ECF No. 53, PageID 10237). The Warden alleges that this claim was not properly preserved because it was raised as an underlying claim as an instance of ineffective assistance of appellate counsel in Short's Rule 26(B) application for reopening to the Ohio Supreme Court. (*Id.* (citing ECF No. 5-3, PageID 1863; Return, ECF No. 36, PageID 8368-70)). The Warden maintains that "discovery is barred because the claims are not properly before the court." (*Id.*).

As with his sixth ground for relief, Short reiterates that he sought to depose his jurors in his post-conviction action. (ECF No. 54, PageID 10251). Short disagrees with the Warden's contention that this claim is procedurally defaulted. (*Id.* at PageID 10252 (citing Traverse, ECF No. 39, PageID 8550-51)). Short maintains that since this claim is not defaulted and he sought to develop the claim in state court, this Court should grant him discovery to develop his claim. (*Id.*).

Short has not shown good cause to depose the jury panel members because he has only offered a general assertion that he requires the discovery to support this claim. *Bracy*, 520 U.S. at 904; *Haight*, 59 F.4th at 862 (quoting *Stanford*, 266 F.3d at 460). The "right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors. The failure to accord an accused a fair hearing violates even the minimal standards of due process." *Morgan v. Illinois*, 504 U.S. 719, 727 (1992) (citations omitted). "A juror who will automatically vote for the death penalty in every case will fail in good faith to consider the evidence of

aggravating and mitigating circumstances as the instructions require him to do." *Id.* at 729. Short maintains that factual development was "impossible" during his post-conviction proceedings and needs to depose the jury members to "fully develop this claim" without providing specific allegations of what the discovery might uncover. (ECF No. 52, PageID 10142). Short does not explain how his request could lead to evidence that is material to proving that the trial court erred in failing to exclude allegedly biased jury members.[6] *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460). Accordingly, the Undersigned **DENIES with prejudice** Short's request to depose the jury members regarding this claim.

### III. Conclusion

Based on the reasoning above, the Undersigned **DENIES without prejudice** the following discovery requests:

(1) Depositions of Short's trial counsel regarding his first ground for relief (ineffective assistance during the plea deal);

(2) Depositions of Short's trial counsel regarding his second ground for relief (ineffective assistance due to a conflict of interest); and

(3) Depositions of Short's trial counsel and his children's guardians regarding sub-claim 3.6 under his third ground for relief (ineffective assistance during trial phase).

These requests are subject to renewal or reconsideration if the Court later determines that, solely based on the existing state court record, the state court adjudication was unreasonable within the meaning of 2254(d).

The Undersigned **DENIES with prejudice** Short's remaining discovery requests because he has failed to show good cause for the following requests:

---

[6] Discovery for this claim may face another barrier under the "aliunde rule." The "aliunde rule," now codified in Federal Rule of Civil Procedure 606(b), precludes the admission in most circumstances of juror testimony to undermine the validity of a verdict or indictment. *See, e.g.*, *Warger v. Shauers*, 574 U.S. 40, 43-44 (2014) (upholding application of Rule 606(b) to preclude one juror from testifying that another juror lied during voir dire).

(1) Depositions of Short's trial counsel in support of sub-claims 3.1, 3.4, and 3.5 under Short's third ground for relief; and in support of his fourth, fifth, and sixth grounds for relief;

(2) Records deposition or subpoena *duces tecum* of Huber Heights Police Department case files in support of sub-claim 3.1 under Short's third ground for relief;

(3) Depositions of Montgomery County Assistant Prosecutors Leon J. Daidone and Robert Deschler in support of sub-claim 3.2 under Short's third ground for relief;

(4) Subpoena for the email sent by Brenda Barion that she referenced in her book in support of sub-claim 3.3 under Short's third ground for relief; and

(5) Depositions of all jury panel members in support of Short's sixth and seventh grounds for relief.

**IT IS SO ORDERED.**


**DATED:**    02/25/2025                        *s/Stephanie K. Bowman*
                                        **STEPHANIE K. BOWMAN**
                                        **United States Chief Magistrate Judge**